UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

                                                        Case No. 14-cr-0026-bhl

        v.

DESHAUN D. PATRICK,

                Defendant.

## ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE

Deshaun D. Patrick asks the Court to reduce his sentence under the "compassionate release" provisions in 18 U.S.C. §3582(c)(1)(A). Patrick contends he suffers from two health conditions that place him at high risk of severe illness or death from COVID-19, and that the prison term he has already served is sufficient to satisfy sentencing considerations in 18 U.S.C. § 3553(a). The government acknowledges Patrick's serious health problems but argues the Court should deny the motion and defer to the Bureau of Prisons, which has already rejected Patrick's request for release on these same grounds. Because the Court is satisfied that Patrick's health situation is sufficiently serious, and the time he has already served is a sufficient sentence, the Court will grant Patrick's request, subject to increasing his term of supervised release.

## BACKGROUND

On February 11, 2014, a grand jury indicted Patrick on three counts of knowingly and intentionally distributing a mixture and substance containing cocaine base in violation of 21 U.S.C. §§841(a)(1) & 841(b)(1)(C). Several months later, Patrick entered into a guilty plea to one of the three counts. On November 7, 2014, Judge Rudolph T. Randa sentenced him to 120 months in prison and three years of supervised release.

At the time of his original sentencing, Patrick and the government disputed whether he possessed a gun in relation to the offense charged, a dispute that would have changed his guidelines range from 46-57 months to 57-71 months. This dispute became moot, however, because Patrick

was a career offender under the then-applicable guideline, which increased his guideline range to 120-150 months. The Court's 120-month sentence was at the bottom of the guidelines range.

Patrick is serving his prison term at FCI Greenville in southern Illinois. He is 34 years old and has an estimated release date of June 30, 2023. Patrick's medical records show that he suffers from chronic kidney disease and asthma. His height and weight also make him obese. Both his kidney disease and obesity put Patrick at increased risk of severe illness or death from COVID-19 under guidance from the Center for Disease Control.

On August 8, 2020, Patrick requested compassionate release from the Bureau of Prisons based on the pandemic and his personal health risks. The warden denied his request. On October 23, 2020, Patrick asked the Court to appoint him counsel to pursue a motion for compassionate release. The Court referred Patrick's request to Federal Defender Services of Wisconsin, Inc., which arranged for counsel to file a formal motion and supporting materials on Patrick's behalf. The government filed a response on January 4, 2021 and one week later, Patrick filed a reply.

## ANALYSIS

Under 18 U.S.C. §3582(c)(1), a court is generally not allowed to modify a sentence of imprisonment. One of the limited exceptions to this rule is for cases of "compassionate release" under section 3582(c)(1)(A)(i). Before the First Step Act of 2018, a request for compassionate release could only be made by the Bureau of Prisons (BOP). Now, however, a defendant can request compassionate release by motion.

The Court's consideration of a compassionate release motion is a multi-step process. The Court must first determine whether the defendant is eligible under the statute. To be eligible, a defendant is required to show that he or she made a request for release to the prison warden and has either (a) exhausted all administrative appeals or (b) waited 30 days from the warden's receipt of the request, whichever is earlier. *See United States v. Sanford*, No. 20-2445, 2021 WL 236622, at *3 (7th Cir. Jan. 25, 2021). If this "exhaustion" requirement is satisfied, the Court must then determine whether there are "extraordinary and compelling reasons" warranting a reduction in the defendant's sentence, consistent with the sentencing factors set forth in 18 U.S.C. §3553(a).

**A. Patrick Has Shown He Is Eligible for Compassionate Release.**

The government concedes that Patrick has satisfied the statutory pre-motion requirements and is eligible to seek compassionate release. Indeed, the record shows he made a compassionate release request to the warden on August 8, 2020. Both his request that the Court appoint counsel to represent him on a potential compassionate release motion and the actual compassionate release motion that appointed counsel later prepared were filed more than 30 days after his initial request. Thus, Patrick has satisfied this mandatory claim-processing rule. *See Sanford*, 2021 WL 236622, at *3.

**B. Patrick Has Shown Extraordinary and Compelling Reasons Sufficient to Warrant a Reduction in his Sentence Consistent with the Section 3553(a) Sentencing Factors.**

Patrick argues that the global COVID-19 pandemic, combined with his own serious health problems, including documented chronic kidney issues and obesity, present extraordinary and compelling circumstances warranting compassionate release. He points out that the pandemic has affected millions and caused numerous deaths in the United States and worldwide, and his own serious health issues place him at high risk according to the CDC. (ECF No. 53.)

Patrick's arguments are not novel. Courts have reached differing views on whether an inmate's high-risk factors (including kidney issues) in the current pandemic are sufficient to satisfy the extraordinary and compelling standard under the statute. *Compare United States v. Young*, No. 20-2651, 2021 WL 276126 (7th Cir. Jan. 27, 2021) (affirming district court's denial of compassionate release despite defendant's serious kidney disease), *with United States v. Cook*, No. 17-CR-77 (E.D. Wis. Aug. 19, 2020) (granting compassionate release because of defendant's respiratory and other health issues), *and United States v. Kuczora*, No. 15-CR-214 (E.D. Wis. Dec. 30, 2020) (granting compassionate release because of defendant's heart, lung, and other health issues). In Patrick's case, the warden at FCI-Greenville declined to make such a finding. In denying Patrick's request, the warden acknowledged the legitimacy of Patrick's concerns and fears about COVID-19 given his medical history, but explained that the BOP was taking extraordinary measures to contain the spread of the virus and to treat affected inmates.

Based on the record, the Court finds that Patrick's high-risk medical situation presents extraordinary and compelling circumstances given the COVID-19 pandemic. According to the CDC website, there have been 18,400 confirmed cases in the prison population in 46 correctional

institutions in Illinois, including 13 deaths. *Confirmed COVID-19 Cases and Deaths in US Correctional and Detention Facilities by State*, CDC (Feb. 1, 2021), https://www.cdc.gov/covid-data-tracker/#correctional-facilities. The CDC also confirms that Patrick's health history puts him particularly at high risk. *People with Certain Medical Conditions*, CDC (Feb. 1, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. This is sufficient to establish extraordinary and compelling circumstances within the meaning of the statute.

In making this determination, the Court respects the warden's prior denial of Patrick's pre-motion request and emphasizes it has no desire to intrude unnecessarily on the BOP's responsibility for running the prisons. The Court does not doubt that the BOP in general, and the staff at FCI Greenville specifically, are working to address and control the spread of COVID-19. But, as other judges have recognized, the prison setting itself puts limits on what can be done. *Cook*, slip op. at 4; *Kuczora*, slip op. at 5. As of February 2, 2021, 16 inmates and 14 staff members at FCI Greenville currently have COVID-19. *COVID-19 Cases*, Bureau of Prisons (Feb. 2, 2021), https://www.bop.gov/coronavirus. An additional 732 inmates and 70 staff members previously tested positive and have recovered from the disease. *Id.*

The government concedes that Patrick's health situation provides extraordinary and compelling reasons for reducing his sentence but argues that the Court should nevertheless deny the request because a sentence reduction would be inconsistent with the sentencing factors set forth in section 3553(a). In contrast, Patrick argues that reducing his sentence to time served is supported by section 3553(a). Patrick points out that he has already served more than two-thirds of his original sentence, a term he contends is sufficient, but not greater than necessary, to comply with the purposes of his sentencing. He also emphasizes that he would be subject to a substantially lower recommended sentencing range if he were sentenced for the first time today, due to significant changes in sentencing law.

The Court agrees with Patrick that a reduction in his sentence for the extraordinary and compelling reasons related to his health can be accomplished consistent with the purposes of sentencing. The sentencing factors set forth in section 3553(a) include the nature and circumstances of the offense and the history and character of the defendant, and then the need for the sentence imposed by the court to reflect the seriousness of the offense, afford adequate

deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide rehabilitative opportunities.

Patrick has already served a substantial prison term; a six-year prison term is hardly trifling and adequately reflects the seriousness of his drug conviction. While Patrick's record also shows aggravating circumstances, including a history of troubling incidents of violence and potential possession and use of firearms, these aggravating factors are sufficiently accounted for in the time he has already served. Moreover, in conjunction with granting release, the Court will extend Patrick's term of supervised release from three to five years. This extended period of supervised release, along with the conditions of that supervision, will help ensure the public is protected from further crimes and provide Patrick an even greater opportunity to take advantage of rehabilitative opportunities, including, perhaps, the chance to obtain his GED. It should also be sufficient to deter him from further involvement with drugs, violence, and other criminal activity.

Finally, the Court finds it significant that the current sentencing guidelines would place his recommended sentence at a level below the term of incarceration he has already served. While the government is correct that the guidelines changes are not to be applied retroactively, and a compassionate release motion ought not be a "back door" to make them retroactive, the Sentencing Commission's recommended sentencing range is nevertheless relevant. Congress has directed the Court to "impose a sentence sufficient, but not greater than necessary to comply with the purposes" set forth in section 3553(a)(1)-(7). The changes made since Patrick's sentencing establish, at least, that the Sentencing Commission believes that a prison sentence of less than 57 months is both appropriate and sufficient for a person with Patrick's criminal history score who has pleaded guilty to the crime that he committed, with the assumption that the gun possession dispute was resolved against Patrick. Given the Court's analysis of the 3553(a) factors, it is clear that a time-served sentence for Patrick is sufficient and not greater than necessary to achieve the goals embodied in those statutory factors.

## CONCLUSION

In light of Patrick's health conditions and the continued threat posed to him by the current pandemic, the Court finds that extraordinary and compelling reasons exist that justify a reduction in his sentence. Because the sentencing policies described in section 3553(a) can be satisfied with a reduced sentence, the Court GRANTS Patrick's motion for compassionate release, (ECF No.

53), under section 3582(c) and orders that Patrick's term of imprisonment be reduced to time served. His term of supervised release will begin immediately upon his release and is increased from three to five years. All other conditions of his original sentence remain in full force and effect. This order is stayed for 7 days to allow the BOP time to arrange for Patrick's release.

Dated at Milwaukee, Wisconsin on February 3, 2021.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge